Adrienne G. JANIS, on behalf of herself, all other persons similarly situated and the general public, Plaintiff—Appellee,

v.

HEALTH NET, INC., a Delaware corporation, and Health Net, Inc. of California, a California corporation, Defendants—Appellants,

and

Does 1 through 100, inclusive, Defendants.

No. 12–55206.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 2012.

Filed March 20, 2012.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

534

Patrick N. Keegan, Esquire, Lisa Mago-
rien, Keegan & Baker, LLP, Carlsbad,
CA, for Plaintiff–Appellee.

Jennifer S. Romano, Nathanial John
Wood, Crowell & Moring, LLP, Los Ange-
les, CA, Ethan P. Schulman, Esquire, Ste-
ven E. Wilson, Crowell & Moring LLP,
San Francisco, CA, for Defendants–Appel-
lants.

Before: FARRIS, CLIFTON, and
IKUTA, Circuit Judges.

MEMORANDUM *

Adrienne Janis filed a class action
against Health Net, Inc. and Health Net,
Inc. of California (together, "Health Net")
in state court. Health Net removed to
federal court. Health Net's notice of re-
moval sufficiently alleged that 28 U.S.C.
§ 1332(d)'s jurisdictional requirements
were met. See 28 U.S.C. § 1446(a). After

removal, Janis moved to remand to state
court, arguing that Health Net had not
proved that § 1332(d)'s requirements were
satisfied. Health Net opposed the motion.
It submitted evidence to prove that
§ 1332(d)'s requirements were more likely
than not met. See Lowdermilk v. U.S.
Bank Nat'l Ass'n, 479 F.3d 994, 998 (9th
Cir.2007). The district court refused to
consider Health Net's evidence because
Health Net did not submit the evidence at
the time it filed its notice of removal. The
district court ordered the case remanded
to state court. We granted Health Net's
petition for permission to appeal the dis-
trict court's order. See 28 U.S.C.
§ 1453(c). We reverse.

Nothing in 28 U.S.C. § 1446 requires a
removing defendant to attach evidence of
the federal court's jurisdiction to its notice
of removal. Section 1446(a) requires
merely a "short and plain statement of the
grounds for removal." Moreover, we have
observed that "it is clearly appropriate for
the district courts, in their discretion, to
accept certain post-removal [evidence] as
determinative of the [jurisdictional re-
quirements]." Abrego Abrego v. Dow
Chem. Co., 443 F.3d 676, 690–91 (9th Cir.
2006); see Singer v. State Farm Mut.
Auto. Ins. Co., 116 F.3d 373, 377 (9th
Cir.1997) ("The district court may consider
whether it is 'facially apparent' from the
complaint that the jurisdictional amount is
in controversy. If not, the court may con-
sider facts in the removal petition, and
may 'require parties to submit summary-
judgment-type evidence relevant to the
amount in controversy at the time of re-
moval.'") (quoting Allen v. R & H Oil &
Gas Co., 63 F.3d 1326, 1336 (5th Cir.1995)).

The district court erred as a matter of
law and thus abused its discretion in refus-

* This disposition is not appropriate for publica-
tion and is not precedent except as provided     by 9th Cir. R. 36–3.

ing to consider Health Net's evidence. The only grounds for its refusal were that Health Net submitted the evidence after it filed its notice of removal and that the evidence was from Health Net itself rather than an admission by Janis. Neither is a valid reason for ignoring Health Net's evidence. Moreover, the district court's decision prejudiced Health Net. The evidence appears to establish that § 1332(d)'s requirements were met. *See Orr v. Bank of Am., NT & SA,* 285 F.3d 764, 773 (9th Cir.2002) (under abuse-of-discretion standard, "[w]e must affirm the district court unless its evidentiary ruling was manifestly erroneous *and* prejudicial"); *c.f. Abrego,* 443 F.3d at 691 (" 'trial court's refusal to grant [jurisdictional] discovery' " should be reversed if " 'the dismissal resulted in actual and substantial prejudice to the litigant' ") (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.,* 556 F.2d 406, 430 n. 24 (9th Cir.1977)) (alteration in *Abrego* ).

We reverse the district court's order remanding the case to state court, and we remand with instructions for the district court to consider the jurisdictional evidence Health Net submitted.

REVERSED and REMANDED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.